And call the case of A.S., a minor, v. Smithkine Beecham Court. And Mr. Bashman, you're representing the appellate. Thank you, Your Honor. May it please the Court. With the Court's permission, I'd like to reserve four minutes for rebuttal. Granted. Thank you. Your Honors, this Court's ruling in Doe v. American Red Cross furnishes the answers to three of the most critical questions that this appeal presents. First, Doe recognizes that Section 1447B of Title 28, Prohibiting Review of an Order of Remand by Appeal or Otherwise, prohibits the defendant from removing a case on the same grounds as originally rejected in the first remand. Second, Doe recognizes that for a second remand to be proper, it must satisfy one of the two paragraphs of Section 1446B. And third, Doe resolves the otherwise very difficult question of whether the first paragraph or the second paragraph of Section 1446B applies where intervening law makes clear that the original remand was legally erroneous. In that regard, Doe holds that the second paragraph applies, and you don't treat the case as though it was originally removable, but rather you treat it as though it has become removable. Even if the decision whether it was originally removable or not turns out to be incorrect. So your view is Johnson is not a new ground? Well, I believe that's what the other side is arguing, that Johnson is not a new ground. But we do say that Johnson does not satisfy the second paragraph of 1446B. But even if it does, that, of course, they fall outside of the one-year time period that that second paragraph provides. And that's why that third holding of Doe is of such great significance, because the second paragraph of Section 1446B... But there is, I mean, I ended up being somewhat confused after hearing or after reading all of the arguments here as to whether people were maintaining that Johnson is or is not a new ground. This relation back theory that seems to be really a predicate for the position taken by one of the parties, is in fact a legal fiction, is it not? Well, that's, as I understand, one of the main arguments that GSK is making. And you're absolutely right, and I haven't found any cases where relation back applies where you have a final judgment that it would eviscerate. It applies in cases that are still pending in some way in the court where the relation back is taking place. So what I was about to say is that whether Johnson is a new ground or not, for purposes of plaintiff's argument, is not at all critical, because, in fact, 1446B requires an order to invoke the second paragraph. What I was about to say before is that the reason that GSK embraces the second paragraph least enthusiastically is because of its time limit, the one-year time limit that was not satisfied. Can you educate us about what was accomplished before the second removal petition had been filed in state court and whether anything else has happened since the removal petition was filed on the pretrial process? Right. At the time this case was removed a second time to federal court, it was four months away from going to trial. So it was, I guess you could say, literally on the eve of trial. So a considerable process had been undergone. Correct. Since then, the case was transferred to the Middle District of Pennsylvania, because these are Pennsylvania plaintiffs, so that the original remand here was on two bases. It was on the basis of no diversity and on the basis of a violation of the so-called forum defendant rule. And so since then, the case has just been stayed. And in fact, there are all these other cases out there, and every other case except for one pending in Minnesota has also been stayed. So the state court cases as well have been stayed? Well, even the cases that were remanded by Judges Belson and Padova, as I understand it, those remands were never effectuated. What does that mean? They were never carried out so that the judges stayed the matter before actually sending the records back to state court before implementing it. So even though Judge Belson, who we believe is 100% correct, and Judge Padova, whose ruling agrees with us, said that these cases do not belong in federal court based on the second removal, those cases have not been remanded. But think about GSK's argument. If they're right and those cases had been remanded, after this court rules they could bring those cases back to federal court a third time and say, well, we timely removed them originally, and therefore we're entitled to a do-over as many times as is necessary until a federal judge agrees with us, and then at that point the case stays in federal court because we were right all along. And so GSK's argument, they're trying to say it's such a narrow argument, but in fact it's unlimited in number of removal and in time of removal because they say the time provisions don't apply. So let's say GSK did not remove the case right after Johnson was decided, but rather waited until this case was on the eve of trial or even on the eve of verdict. They didn't like how the evidence went in. According to GSK, they could remove the case at that point and say this case deserves to be in federal court. And there's nothing that anyone could do to say you're wrong because, in fact, the original decision was wrong. What they're asking this court to recognize is a loophole that says that even though 1447D says you can't appeal and notwithstanding this court in Doe saying that applies to second removals on the same ground as the first removal, which also the Hunt case and the Transpens Wax case of this court also recognize, they're saying that the original removal serves a timely placeholder and we can remove it again and again seeking a second opinion. If that loophole were a valid loophole, I'm sure it would have been recognized by some court before this case arose. Well, can't we recognize a first-time occasion? Well, I'm not challenging this court's ability to have a ruling that was legally erroneous, but I believe it would conflict with the Doe opinion that's binding on this panel because in Doe the court recognized that a second removal on the same grounds as the first is not proper under 1447D, which is a jurisdictional provision. And that panel, which was a stellar panel, consisting of Judge Aldiser, who wrote the opinion, former Chief Judge Sirica, before he became Chief Judge, and, of course, Justice Alito, who was on the court at that time, that opinion was so careful in saying this is not – Can we weigh opinions by the judges that were on the panel? Oh, God, I hope not. But that opinion was so careful in saying that this is not a same-grounds removal. And I guess GFK is saying, you know, that aspect of Doe should just be ignored. But if, in fact, that were the case in Doe, Doe would have been such a simple case to decide. But isn't Doe also so specific in saying when there is new law, so to speak, that law has to contemplate a direction that grants the right to re-remove? Absolutely. And that's what makes Doe so special. The Doe case and the case, the U.S. Supreme Court case on which it depended, the American Red Cross versus AS, you know, the history of that case, is that I guess it's analogous to federal question, but it's a sue-and-be-sued charter that Congress created that allowed the Red Cross to sue or be sued in federal court. But didn't Judge Oleser go to great pains also in Doe to suggest how narrow it was and how narrow its implications? I mean, even in the very last paragraph. Absolutely. Under these unique circumstances. And that's not the only place he has indicated in limiting language. Do you think the narrow focus of Doe in that regard, Doe assists the plaintiff much more than it assists the defendant? How so? Because the narrowness that he's talking about is that the court was asked to construe the phrase order or other paper under the second paragraph of 1446B, which again plays right into our argument that where there is a re-removal, Section 1446B does apply. And if you turn to Section 1446B, which I'll try to walk the court through in the time remaining, you'll see that it clearly does apply based on its plain language, but Judge Smith, to answer your question, where he said that we're just being really narrow here, he said we're only construing the meaning of the word order. We don't have to construe the meaning of the word other paper, and so to that extent we're being very narrow. But that is the import of that language as I read it. If you turn to Section 1446, which appears in Exhibit C, the blue brief towards the back, you'll see it says procedure for removal. And GSK followed various paragraphs of Section 1446 in removing this case for a second time. It followed paragraph A that says you have to file a notice of removal. The title of the whole section is procedure for removal. It doesn't say procedure for first removal only. The case had to be removed a second time or else it wasn't going to be in federal court. They followed subsection D, which says you have to notify the other parties and the state court, because then the state court can't take any further actions. And then if you turn directly to subsection B, the one that I'm referring to, there's the two paragraphs, the first words in there are the notice of removal. Well, that refers right back to the A notice of removal that is described in subsection A. So to say that they did file a notice of removal to get the case back into federal court, but the the notice of removal, which clearly relates back to that, only applies to their earlier removal, the very first time, that makes no sense whatsoever. So we submit that both Doe and, in fact, the plain language of 1446B indicate that it applies to any removal, first, second, or third. If Johnson was a law that applied to all GSK cases, then wouldn't, in fact, we be bound by Brewer? Well, of course, Brewer didn't go up to the Third Circuit, but Brewer was previous law that is still extant, so that even if we think it's incorrect, it, at the district court level, has equal weight with Johnson. I'm not sure I understand the question. Let's take the hypothetical where today the same type of case is filed in state court, and then GSK removes that and then says, based on Johnson, we can remove it under the first paragraph of 1446B. And, of course, 1446B has been changed around a little bit, but those paragraphs still are in there. And the district judge, let's say, doesn't want to follow the law and thinks that Johnson was wrongly decided, which, of course, would be utterly inappropriate. I'm not saying any district judge would ever do that. Oh, never, never. But let's say a district judge thinks that it was wrongly decided, and because he knows that his decision can't be appealed or mandamus, he's going to dismiss the case based on lack of diversity of jurisdiction. Under Brewer. And that's today or tomorrow. Under GSK's argument, all they have to do to get the case into federal court is remove it again a second time and hope a different judge disagrees. But we say that that's wrong. And if the original decision here was wrong, well, they're in the same situation. You know, that's the way that Congress wanted it to work. And once the year is up, the time is up. I see my time is up. Thank you. We'll have you back in a little. Ms. Blatt. Thank you, and may it please the Court. My name is Lisa Blatt, and I represent GlaxoSmithKline or GSK. Ms. Blatt, can you cite us to a single case that has applied 1446B's first paragraph to a re-removal that's premised on a subsequent clarification or change of the law? There's not this exact case. What there are are plenty of cases where there's a second removal either following a remand or not that are not necessarily in paragraph two, which is the other side's argument. The other side's argument is there's no such thing as a second removal unless it's every scenario but this case. This is the only case that you can't second remove. Of course, re-removals following remand happen all the time, and that's what happened in Doe. So it's almost mystifying what their theory of re-removal is. I'd like to answer Doug Smith's question. There's no scenario, no case law that you found that says re-removal on the change of a case law. Put aside Doe for a second. Putting aside the cases controlling, there's Ray from the Ninth Circuit and Midlock and Benson from the Seventh Circuit that say a subsequent change on the law is not a bar to re-removal under 1447, which is almost 100% of their case. Their whole case is, well, because this was once remanded, it can't be removed based on the subsequent change in controlling law, which is precisely what Doe held. So their argument is basically that a case once remanded can never be re-removed, and Doe says no, no. As long as you have a definitive source from a higher court, you're beyond the bar of 1447. It doesn't Doe also have like three parts, and the final part is, and there is a directive that allows you to re-remove the pending case, the Supreme Court language that they quoted, I believe. Isn't that your biggest hurdle? No, because the court used the word independent. I mean, you can look at the opinion. It's in three separate parts. The Supreme Court in SG ignored 1447. That's their first reasoning. Their second reasoning is this isn't even an appeal. We're actually the appellee here. We're not appealing the earlier remand here. So by its terms, it doesn't apply. Plus, it's a new and definitive source. And then thirdly, the Supreme Court, I mean, seriously, the Supreme Court obviously has no power to overrule a statute. The Supreme Court can't say, and we authorize re-removal. The Supreme Court obviously didn't think it was telling courts to ignore 1447. But that's what it did do. It told them we're going to, if the Red Cross is the party, at a state court, you come into the federal court. I would rather proceed that the Supreme Court thought it wasn't violating a federal statute, which is all the courts of appeals, they have no citation, zero citation. Well, maybe that's why it was a 5-4 decision of the Supreme Court. But clearly, as Judge – That was on Red Cross, not on 1447. Clearly, as Judge Schwartz's question suggests, the panel of the Third Circuit cited that third reason as an independent reason that persuades them we believe we are required to yield to this specific mandate. And that necessarily means the previous two paragraphs were also independent. And I mean, I can keep quoting it. It said, American Red Cross is neither appealing the earlier remand nor asserting the same grounds because there is a controlling decision of a higher court. Nothing changed in Doe other than a Supreme Court case. The basis for jurisdiction was always the same. It is 100% on all fours with this case. Nothing has changed in terms – it's always been diversity of citizenship. The only thing that has changed is this Court's decision in Johnson. Every circuit that has considered the issue, and no circuit has found to the contrary, that when you have a definitive higher intervening controlling decision, that puts 1447 aside and it's not a bar. That's the Seventh Circuit and the Ninth Circuit. How do you get over the one-year bar in 1446? The second B, the second paragraph, as the statute states. I think that is the easiest part because that section by its terms, by the statutory terms, only is triggered if a case stated by the initial pleading is not removable. The case stated by the initial pleading was removable because we know that there was complete diversity of citizenship at the time. And how do you get over the first paragraph, which says if it's stated by the initial pleading, you had to remove time. You want us to relate back to this case, right? Right, so let's be clear. There's no question that 1446B, that first paragraph, applied. GSK was required to remove the case, and no one argues to the contrary, within 30 days. And GSK did that. Which one are you talking about, 30 days of what event? The first removal. First removal, got it. Is required to be filed within 30 days of the complaint. Yep. So we know this is not filed within the second paragraph. It was initially removable and GSK complied with 1446B's first paragraph. The argument is, well, what about that second removal? Doesn't that also have to be 30 days within the complaint? Now, we have two arguments. That the Ninth Circuit, in two cases, that Wray case and the Roth case, and those slew of cases cited in footnote 8 of our brief, have held that 1446B does not cover the waterfront on re-removals. Tell me where the gap is. Where's the big old hole? Because you talk about a gap between the first paragraph and the second paragraph. What is the gap? In footnote 8, case after case, re-removals happen all the time. This is not some big mystery. And it happened in the Ninth Circuit recently, and a decision by Billy Fletcher said, you know, what I think is the best opinion on this, just says when the circumstances of that paragraph apply, you've got to follow them, which GSK did do here. But on the second paragraph, I mean, the section is just silent altogether whether a case can be re-removed of an initially removable complaint. And the other side has to come up with an express part of removal. There's no question that there are 29 cases that were paid, stayed, pending Johnson, and every case today proceeds in federal court. There's no question this case is removable. The only question is, is there an express provision that prohibits it? 1447 not only doesn't apply on its terms, it doesn't apply on every case that's considered the issue, and they have no case. But the fact that the district court decides wrong on the first removal, isn't that covered by 1447? Isn't that meant to prevent any not only appeals, but other attempts to get around a reconsideration of the first ruling? Unless it's based on a new and different grounds, meaning if it – But it isn't. It's based on the same grounds, except saying that the first judge got it wrong. There is no question in Doe it was always the same ground of the Red Cross. The Red Cross didn't start making up stuff. They just said, we're a federal charter here, okay? The only thing that changed in Doe between the first and second removals was an intervening higher court decision that pierced through all the case, so that the district court's earlier remand was a nullity. The district court in Doe remanded the case, so your very same argument could be made. In fact, it was made. They said, how can you re-remove in Doe? You've already remanded. Who cares if it was wrong? And the panel unanimously said, well, we care, because you're not appealing it. It's supposed to be an appeal or otherwise, and it's a controlling authority. It's a new citation. Nothing happened but U.S. Supreme Court cite. That's the only thing that got added. The arguments were the same. The identical language was the same. The statute was the same. It was a citation of authority. And that's all that's happened here, is we have Johnson now. And Justice Holmes has said judicial decisions go back retroactively to at least 1,000 years. There's no question that Johnson definitively holds that this case was initially removable and always has been removable. So back to the two points on how do you get around the 30-day requirement. So we have our initial broader argument is that it just doesn't apply, because 1446 doesn't set forth the exclusive grounds for the second removal. But we also have the relation back argument. And this court in that USX versus Adriatic held that after an intervening change in the law, an amended notice could relate back seven years. It's pretty extraordinary, seven years to the original removal in the case. But wasn't you, and correct me if I'm wrong, was USX still pending in the district court when that amendment took place? Yes. And here we don't have that. So what is it relating back to? Sure. What you have is, again, they have no cases to the contrary. Case after case says you can have relation back as long, even if the pleading, the complaint has been dismissed, it's been acted upon, has disappeared into thin air, as long as a case is pending somewhere, even if in state court. And that's the Yellow Freight case. They don't have any case to the contrary. They don't cite you any case. Was that case, though, Yellow Freight, was that a dismissal without prejudice, such that it was in the final order, as compared to in this circuit, a remand order is a final order? Isn't that the difference between the cases you mentioned? I'm not sure, because I don't know whether Yellow Freight was a dismissal with or without prejudice, but the D.C. Circuit, too, has said, and that I think may have been with prejudice, it doesn't matter about the complaint being dismissed with or without prejudice, as long as a case is pending. But if you just look at the statute and common sense, no one questions that this is the same case. There may have been a final judgment for purposes of Quackenbush and that it was immediately appealable on some other purpose, but no one says, and even the statute says, when you flip back between state and federal court, it's still the same case. It's just pending in state court. So I don't know how. And remember, we filed a notice of removal in state court, too, so the same identical documents that are being filed in federal court are being filed in state court, too. So to some extent, you could say our state court notice, second notice, related back to the first. So that seems to me an awfully hyper-technical not to do relate back. But the best argument on why this is timely is simply that GSK actually timely filed the 30 days. And the other thing is that, you know, in terms of just opening up the floodgates, DOE happened over two decades ago. Two decades ago, it said, re-remove all you want. If you get a higher court to say the earlier remand was wrong, remand all you want. It's happened three times at most in 20 years. It happened once in the Ninth Circuit following the Knowles decision, and it's happened in Johnson in this case, and it happened with the SGK. So that's three times. It is a confluence of events, which is what all the district courts have said. The five that have acted have said this is unique because the cases were still pending. Johnson came up in the interim. Can we talk about the first year, the one-year rule, and the purpose behind it, which is to avoid disruption? One of the questions we asked your adversary was, what was going on in C-course prior to the removal? And your adversary represented you were four months from trial. Right. Wouldn't allowing this to occur undermine the goal of that very provision of disruption? Think about it. You could have a case that was even in the middle of the trial, that wasn't within the one year. So if we had filed this four months earlier. That would be remarkable, wouldn't you say, being going into a civil case, being ready to go to trial in one year. That would be great. The statute allows for it. But not only does this not apply. I mean, you can't just say, well, there's some provision out in the U.S. Code that if it applied would be barred here. It doesn't apply. But on your concern about prejudice. Go ahead. Well, because the case was initially removable. Okay. I understand. But if you were just going to make up a rule about prejudice, you should. On relation back, they were free to argue prejudice. They didn't. You can argue prejudice. You can say you can't relate back here. It would be prejudice. You could argue latches. If we waited a year after Johnson, I'd hope we'd be laughed out of court. I would hope a district court would say, you've got to be kidding me. And let me just say something else about the eight other cases. In those eight other cases, none of them are Pennsylvania citizens. You've got Colorado, Minnesota, South Dakota, Florida, Mississippi. This is the one case in Pennsylvania. And even the case in Minnesota, that's preceded in federal court. Let me ask you another question. We're dealing with the Pennsylvania state courts. It's a good state court system. The case is going to trial. It's close to trial. We aren't saying that your case is dismissed or will disappear if you don't get removal again. The purpose of the no appeal of a remand is to show some comedy, I think, to the state court systems and to make sure that when cases are proceeding there, they proceed to trial. So what's the problem? What's the problem? Yeah. I mean, you sound like the poor guy in the American Red Cross who said two years have passed. How can you do this to me? That's not an answer. Let me answer my question. Congress has clearly made a policy determination here that mistakes will be made. Mistakes will be made, and yet they still will not permit review. Are you not asking for a decision that really is a derogation of that policy that's clearly reflected in subsection D of 1447? No, insofar as it wasn't anymore when the Third Circuit faced it in Doe and the Ninth Circuit and the Seventh Circuit. Every court to have considered this looks at the language. I don't want policy. Then this court shouldn't have cited Johnson. Courts always second-guess and can collaterally attack remands. We are not appealing the earlier remand. So this bizarre interpretation of 1447 has not been interpreted by any court. You'd be creating a split. I don't think it's a bizarre interpretation. Yeah, I don't know anything bizarre about it. In fact, it looks like pretty plain language to me. The Third Circuit, this court rejected it. You're bound by Doe, and you would be creating a split with the Seventh Circuit and the Ninth Circuit when you're not. Well, maybe it would be a good idea to do that. Then you've got to go en banc. If you want to go en banc with Doe, we can brief it. Why do we have to go en banc if we wanted to split from the Seventh? Where did you say we would be different from? Doe. Doe. Because I thought it was because we were split from the Seventh and Ninth Circuit. You would, and she said that would be great, but you would also. Doe holds that when you're not appealing, we're not appealing. Remember, we won below. We're not appealing the remand order, and you have a citation, a new site, you're not barred by 1447. It's an independent holding. In addition to the first part of the opinion that said 1447 can't be a bar because we know the Supreme Court ignored it. And then it said also in Doe itself, it said American Cross can remove any case. I cannot believe with the wildest imagination that the Supreme Court was thinking, are we writing this decision for retroactive application? They were just making a holding that the American Red Cross Sue and Be Sued Charter confers federal jurisdiction. But the court methodically went through the three bases for jurisdiction. But there's three, four, five paragraphs that say 1447D by its own terms doesn't apply. They said we see nothing in the language that would apply, and it was two years. The case had been pending for over two years. So it's not like nothing had happened, and the case had been sitting in state court. But I do strongly disagree on comedy when there's zero connection to Pennsylvania. There's not even a Pennsylvania citizen in any of the other eight cases. Comedy is not a doctrine of jurisdiction. Citizenship is not necessary for considerations by a federal court toward a state court system. That's a fair point, and you just have the language that says election. I'm glad I said something that resonates. It's expressly prohibited. Thank you. Mr. Bashman, we'll have you back on rebuttal. Thank you, Your Honors. The one part of Ms. Blatt's argument can really ignore is that it says under 1447D this is a different ground removal. Well, she says I guess we can't take that part of the decision at face value because she says this is much the same grounds as this case. But Judge Aldershot makes very clear that the reason that 1447D did not apply is because it was not a removal on the same grounds as the original remand, and that's also supported by the Hunt and Transpens wax case, all of which recognize that 1447D does not allow repetitive same grounds removals where the case has been remanded. Now, the first and second paragraphs of 1446B are mutually exclusive. Either the case is original removal or it has become removable. And what Doe further recognizes is that where you're based on intervening law that shows that the first remand was wrong, you arise under the second paragraph of 1446B. This is not a chicken or the egg problem. We have to figure out which came first. Doe answers that question as well. I agree with her. The AS case meant that the original decision remanding Doe was wrong. But the first paragraph or second paragraph are mutually exclusive. Doe can't say that this case is removable under the second paragraph, which is what it says if, in fact, the case was removable under the first paragraph. So their argument that their case is removable under the first paragraph and Doe supports that is absolutely wrong. Now, to touch on those nine surrogate cases, one of which is the Roth case, those cases both arose under the Class Action Fairness Act. No relation. No relation. And what the Roth case said was that if neither paragraph of 1446B is triggered and they agree it is triggered here so Roth doesn't even apply here, then the defendant can remove it assuming it's timely if the defendant discovers through its own research that the case satisfies CAFA. What happened there was the plaintiff's complaint was unclear. It was a Wage and Hour Act type case. The defendant went into its own files and discovered that one of the plaintiffs lived in Nevada, so it satisfied the minimal diversity, and they asked their accounting guy who said, you know, this case is worth more than $5 million. And so the defendant removed it, and the ninth surrogate said, if you discover it on your own, you can remove it. And if the plaintiff doesn't want you to do that, the plaintiff should give you notice and that will start the clock running. So those cases don't help them at all either. Unless the Court has any other questions for me, I think that everyone understands. Thank you. Thank you. Thank you very much. It's a fascinating question. The case was well argued. We'll take it under advisement and pass the Clerk to recess the proceedings. Thank you. Mr. Bishop, sorry to interrupt your conferring. Oh, thanks. All right.